THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

[Cite as State v. Johnson (1971), 29 Ohio App. 2d 219.]

220

*Mr. G. William Brokaw,* prosecuting attorney, for appellee.

*Mr. Samuel R. Johnson, in propria persona,* for appellant.

LYNCH, J. Defendant, appellant herein, is appealing the dismissal of his petition to vacate and set aside a sentence pursuant to R. C. 2953.21 through 2953.24.

Defendant was indicted on September 22, 1970, for burglary (R. C. 2907.10). Being indigent, on September 28, 1970, he was represented by appointed counsel, attorney Charles Pike. On October 4, 1970, defendant entered a plea of not guilty.

On October 15, 1970, defendant came into open court with his counsel and advised it that he desired to withdraw his not guilty plea and enter a plea of guilty. This was done by a written instrument which contains the following:

"I further certify that no promises of leniency, or probation, or threats of any kind have been made to me by my counsel, or by any members of the Prosecutor's Staff, and that my action today is entirely voluntary on my part."

The trial court advised the defendant he could either have a jury determine whether or not he was guilty or he could plead guilty. After the assistant prosecuting attorney stated that his office had no objection to probation, the following took place:

"The Court: I will order an investigation but I have no idea what will be done. The law says the Judge before he puts any one on probation, he must be satisfied that that person will not again likely engage in an offensive course of conduct. There is no assurance you will be placed on probation, but you do want to plead guilty and have an investigation for probation?

"Mr. Johnson: Yes, sir."

The probation investigation report revealed that defendant had an extensive criminal record starting when he was thirteen years old which included at least nine felonies. Because of this record, the trial judge denied defendant's request for probation and sentenced defendant from one to fifteen years in the Ohio State Penitentiary.

In the instant case, on defendant's application for postconviction relief, Judge Buzzard wrote an opinion in which he set out applicable parts of the files and record pertaining to the proceedings against defendant. The journal entry dismissing defendant's petition contains findings of fact and conclusions of law with respect to such dismissal.

Defendant's first assignment of error is that his court appointed attorney in the trial court was negligent and showed a lack of interest and lack of effort in his case. Defendant contends that he can produce a witness that would testify that defendant did not have a chance in the trial of the case and that defendant was induced to plead guilty under the promise of the prosecuting attorney to defendant's attorney that the prosecuting attorney would not oppose granting probation to defendant. The record reveals that the prosecuting attorney's office did not oppose granting probation to defendant, but the trial judge denied probation to defendant because of defendant's past record.

We hold that this assignment of error is governed and overruled by the doctrine of *res judicata* applicable through *State* v. *Perry*, 10 Ohio St. 2d 175.

Defendant's second assignment of error is that he did not intelligently waive his right to indictment and trial by jury. Defendant was indicted, so he did not waive his indictment. We agree with the finding of the trial court that the records amply demonstrate that defendant intelligently waived his right to a trial by jury. We find this assignment of error without merit.

Defendant further contends that the trial court had a hearing without appointing counsel for him and without permitting him to be present at the hearing.

We hold that the proceedings of the trial court in the instant case were under paragraph (C) rather than paragraph (E) of R. C. 2953.21. If the proceedings had been under paragraph (E) of R. C. 2953.21, defendant's contention would have merit. See R. C. 2953.22.

Some confusion has developed by reference to the proceedings of a trial court under paragraph (C) of R. C. 2953.21 as a "hearing"—particularly by some clerks of courts.

We hold that the word "hearing" as used in R. C. 2953.21 and 2953.22 means the hearing under paragraph (E) of R. C. 2953.21.

We further hold that the word "hearing" as used in paragraph (E) of R. C. 2953.21 means the introduction of testimony or documents in addition to the records in the case.

When the trial court considers only records in a case, as set out in paragraph (C) of R. C. 2953.21, which is the situation in this case, it is not a hearing within the meaning of R. C. 2953.21 and 2953.22.

Although defendant did not brief the issue in his assignment of errors, in his Motion for Summary Judgment in the trial court he raised the issue that the prosecuting attorney did not file a demurrer, answer or motion within ten days after the docketing of the petition filed in the instant case and therefore was in violation of R. C. 2953.21 (D). This issue was before the Ohio Supreme Court in *State* v. *Perry,* 10 Ohio St. 2d 175, before R. C. 2953.21 had been considerably enlarged into its present form. However, we are inclined to feel that the legislature did not intend to change the application of *State* v. *Perry, supra,* to this issue. Therefore, we hold that paragraph (D) of R. C. 2953.21 is applicable to paragraph (E) of R. C. 2953.21 and is not applicable to paragraph (C) of R. C. 2953.21.

*Judgment affirmed.*

O'NEILL, P. J., and JOHNSON, J., concur.