CONSOLIDATED FREIGHTWAYS, Inc. et al. v. UNITED STATES et al.

No. 711.

United States District Court
E. D. Washington, N. D.

April 12, 1949.

Donald A. Schafer, of Portland, Or., and James A. Brown, of Spokane, Wash., for plaintiffs.

Herbert A. Bergson, Asst. Atty. Gen. and Edward Dumbauld, Sp. Asst. to the

Atty. Gen., and Harvey Erickson, U. S. Atty., of Spokane, Wash., for defendant.

Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, J. Stanley Payne, Asst. Chief Counsel, Interstate Commerce Commission, and Samuel R. Howell, all of Washington, D. C., for Interstate Commerce Commission.

Johnston B. Campbell, of Spokane, Wash., for United Truck Lines.

Before BONE, Circuit Judge, DRIVER, Chief Judge, and BLACK, District Judge.

BLACK, District Judge.

In this action plaintiffs seek to set aside and annul a report and order dated August 13, 1947 of the Interstate Commerce Commission and the certificate of public use and necessity issued thereunder on February 25, 1948 to United Truck Lines, Inc.

Plaintiffs hereinafter will usually be referred to as Consolidated Freight, Garrett Freight and Inland Motor, respectively. United Truck Lines, Inc., intervening defendant and grantee of the certificate complained of, will usually be referred to as United Truck or applicant.

In such report the Commission by Division 5, found that the present and future public convenience and necessity required operation by United Truck, the applicant, in interstate and foreign commerce as a common carrier by motor vehicle of general commodities, with certain exceptions, between Spokane, Washington and Boise, Idaho, over a specified regular route, and over an alternate route via Moscow, Idaho, with service at intermediate points between Spokane and Lewiston, Idaho and between Boise and Caldwell, Idaho, and to the off-route point of Clarkston, Washington, which is just across the Snake River from Lewiston, Idaho. A bridge spans such river boundary between the two states.

The application of United Truck was filed in June, 1945 pursuant to the provision of 49 U.S.C.A. § 307. By such application United Truck asked not only the authority granted by the Commission but also considerable more, both as to additional routes, regular and irregular, and as to additional points on the regular route granted.

The three plaintiffs above-named and a number of other carriers, such others mostly operating over short routes, protested the application. Hearings were held at Spokane in November, 1945, at Boise in April, 1946, and at Lewiston later in April, 1946. The record thereof comprised 527 pages of testimony and 31 exhibits.

In its recommended report and order of November, 1946 the Joint Board recommended denial of authority to United Truck to operate over the irregular routes requested and recommended granting of all the authority finally permitted by the certificate issued February, 1948, as above. In addition, such Joint Board's recommended report of November, 1946 recommended authority to United Truck to serve three off-route points instead of merely Clarkston as ultimately specified.

The three plaintiffs herein filed exceptions to such recommended report and order of said Joint Board. No other protestants or parties took any exception thereto. United Truck duly filed its answer to such exceptions.

Division 5 of the Commission on August 13, 1947 made its report and order which in this proceeding are attacked. The findings of the Joint Board were sustained except that the three off-route service points were reduced to Clarkston only as previously stated.

Plaintiffs on September 10, 1947 filed their joint petition for reconsideration. Such petition was denied by the entire Commission at a General Session on January 5, 1948. The certificate to United Truck was issued in February, 1948.

Plaintiffs promptly brought this action on the same day the certificate was issued. But immediately before the time fixed for the hearing of this matter before the three-judge court plaintiffs made a motion for continuance upon the ground that they had just filed with the Interstate Commerce Commission a petition asking revocation of the certificate issued to United Truck. A copy of the alleged

petition for revocation accompanied the motion.

The Interstate Commerce Commission objected to any such continuance, alleging that no such petition for revocation had been filed with it, and urging that in any event the motion did not state any ground for a continuance of the hearing in this proceeding.

All parties being represented before the Court, the hearing was held, the motion for continuance being taken under advisement. In due course briefs were submitted in behalf of the various parties.

■ Such motion for continuance would, therefore, appear moot. In any event the motion for continuance should be denied because of the tardiness of its presentment. Aside from that the motion is not meritorious. This court's function in this matter has been to consider whether or not the Commission's action in authorizing and issuing the certificate should be set aside.

Whether plaintiffs are entitled under the Act, See 49 U.S.C.A. § 312, to have the Commission subsequently revoke the certificate previously issued is another and entirely independent question and entirely one for the Commission in the first instance. The motion for a continuance is denied.

■ Plaintiffs in this action, in short, contend on the merits that the findings and order of the Commission are unreasonable, arbitrary and capricious, entered under misconception of the law, and null and void because not only not supported by the evidence but instead being completely contrary thereto.

Upon examination of the entire record such contentions are found to be without merit.

In the first instance plaintiffs and the other protestants at Spokane, Boise and Lewiston were allowed full hearing and opportunity to present their contentions and evidence. In The New England Divisions Case, (Akron C. & Y. R. Co. v. United States), 261 U.S. 184 at page 200, 43 S.Ct. 270, 277, 67 L.Ed. 605 at 614, it is said: "A full hearing is one in which

ample opportunity is afforded to all parties to make, by evidence and argument, a showing fairly adequate to establish the propriety or impropriety, from the standpoint of justice and law, of the step asked to be taken."

Instead of the Commission having been arbitrary the record and its action with respect to the original requests of United Truck and with respect to the recommendations of the Joint Board evidence a real endeavor to be fair to plaintiffs and the other protestants as well as to applicant and the public to be served.

■ Upon analysis of the record it is found that plaintiffs' actual contentions necessarily must be that the Commission was mistaken in deciding disputed questions of fact against rather than for plaintiffs. There were sharp disputes in the evidence in the hearings afforded the parties. It may well be that other minds might have determined such differences between the witnesses differently. But in the three hearings there was substantial evidence presented supporting the report, findings and order. Whether this three-judge court, if the matter had been presented to it originally, would have arrived at the same conclusions as did the Joint Board or the Commission is, of course, beside the joint. While different minds might disagree as to where the preponderance of the evidence lay as to certain of the essential findings of the Commission the record shows that there was substantial evidence which under the Interstate Commerce Act and judicial decisions permitted the Commission to make the findings and order complained of. Therefore, necessarily, plaintiffs are not entitled to relief from us because where there is substantial evidence, as here, it is the duty of the Commission rather than this court to pass upon the weight and the convincing quality of such.

In I.C.C. v. Union P. R. Co., 222 U.S. 541, 547, 32 S.Ct. 108, 111, 56 L.Ed. 308 at page 311, it is stated: "In determining these mixed questions of law and fact, the court confines itself to the ultimate question as to whether the Commission acted within its power. It will not consider the

expediency or wisdom of the order, or whether, on like testimony, it would have made a similar ruling."

■ Clearly in this instance the Commission acted within its power as defined and limited by law. Tested by the record plaintiffs' position, while not so expressed in words, in effect necessarily is that the Commission acted unwisely. Even if we felt the Commission did act unwisely we would not under the statutes and under the decisions of the United States Supreme Court be permitted to substitute our judgment for that of the Commission where, as here, there was substantial evidence in support of its findings and order. In Merchants Warehouse Co. v. United States, 283 U.S. 501, 51 S.Ct. 505, 75 L.Ed. 1227, the court states at page 1236: "The credibility of witnesses and weight of evidence are for the Commission and not for the courts, and its findings will not be reviewed here if supported by evidence."

As declared by the Supreme Court in United States v. Detroit & Cleveland Nav. Co., 326 U.S. 236, 241, 66 S.Ct. 75, 77, 90 L.Ed. 38, 42, "The Commission is the guardian of the public interest in determining whether certificates of convenience and necessity shall be granted." And continuing, that decision, in substance, says that as such guardian it has a "wide range of discretionary authority" and should "determine * * * on which side of the controversy the public interest lies."

In this action plaintiffs, in effect, contend that plaintiffs and the other protestants, no longer in the case, were furnishing adequate service for the areas involved, that there was not sufficient business for United Truck also and that the certificate to applicant necessarily threatens plaintiffs' financial position inasmuch as United Truck has demonstrated an uncanny ability to get freight business from competitors.

But as against these contentions there was substantial evidence permitting conclusion that the kind of service furnished by plaintiffs and protestants was not suitable for many of the needs of the areas involved, that United Trucks offered a faster service which was much needed,

that the requirements of the reasonable future as well as merely those of the present should be considered, and that any loss to plaintiffs would be minor and in any event would be substantially less than the gain to the public.

■ This court has neither the ability nor the desire to invade the province of the Commission by passing "expert judgment on the intracacies of the transportation problems which are involved. That function is reserved exclusively for the Commission." See United States v. Carolina Freight Carriers Corp., 315 U.S. 475 at page 489, 62 S.Ct. 722, 730, 86 L.Ed. 971 at page 983.

The report complained of, in part, states:

"Applicant conducts substantial common carrier general freight operations, over regular and irregular routes in Oregon, Washington, Idaho and Montana. * * * it holds a certificate * * * over regular routes, between Seattle, Wash., and Spokane, and between Portland, Oreg., and Spokane, and, over irregular routes, between Spokane, * * * and * * * points * * * in * * * part of Idaho * * *. Under the above-described irregular route authority, applicant is operating into Lewiston almost daily * * * Over its entire system applicant operates 140 trucks and trailers, approximately 56 of which are equipped for the maintenance of temperature control * * * and applicant's fitness, financial and otherwise, properly to conduct the proposed service is unquestioned.

"By the instant application, applicant proposes to institute a daily scheduled overnight service between Spokane and Boise in direct competition with two existing services * * *.

"The application is supported by 20 shippers, a motor carrier operating between Boise and points in Utah, and by the chambers of commerce and other civic groups at Spokane, Clarkston, and Asotin, Wash., and Coeur d'Alene and Caldwell, Idaho. * * *

"In opposition to the application, evidence was submitted on behalf of nine motor carriers operating in the territory

816

covered by the application and eight shippers situated at various points sought to be served by applicant."

The application and evidence established that the route between Spokane and Boise via Lewiston sought by applicant was a different route and slightly shorter and more direct than plaintiffs used and while serving the same general area actually much of the way ran through different communities. Applicant proposed a fifteen hour overnight service between Spokane and Boise. Consolidated Freight for its somewhat longer route provided no delivery in Boise from Spokane before the morning of the second day. Inland Motor carrying freight from Spokane to Pendleton transferred such at Pendleton to Garrett Freight which likewise provided no delivery at Boise before the morning of the second day.

At the hearing applicant submitted testimony that it could maintain such fifteen hour overnight service and testified that a trial test run so demonstrated. The testimony of plaintiffs vigorously disputed such ability of applicant.

Included in the report of the Commission is found the following:

"Most of the support for the application comes from shippers who are desirous of a more expeditious service between Spokane and points in the Boise Valley. * *

" * * * According to applicant the proposed highway is in good condition and that by the use of its heavier equipment, consisting of 235 horsepower diesel trucks and trailers, it will have no difficulty maintaining speed on the four steep grades encountered on the highway. The joint board, which is familiar with the highway conditions over the proposed route, has concluded that applicant can maintain the 15-hour schedule or, in any event, a schedule providing next forenoon deliveries, which would result in a substantial saving over the delivery schedules now maintained by interveners. In our opinion such a conclusion is warranted by the evidence.

"By granting authority to applicant to serve all intermediate points on the proposed route between Spokane and Lewiston, * * * it will be placed in direct competition with Inland in respect of Spokane-Lewiston traffic. * * * applicant now has irregular-route authority to transport general commodities between Spokane * * * and * * * Lewiston * * * and the granting of authority to conduct that service over a regular route will not materially alter the present competitive situation. In any event the benefits to * * * shippers at Lewiston and at points between Lewiston and Spokane, from the proposed expedited service to and from points in southern Idaho appear to outweigh any possible detriment to Inland * * *."

And the Commission further said: " * * * We find that the present and future public convenience and necessity require operation by applicant, in interstate or foreign commerce, as a common carrier by motor vehicle of general commodities, * * *" over the route as specified in the order and provided in the certificate.

The foregoing extracts from the report and findings of the Commission bear upon the contentions of plaintiffs. The position of the Commission is, as previously stated, supported by substantial evidence. Perhaps the Commission was mistaken in its weighing of that substantial evidence as contrasted to the evidence submitted by plaintiffs. It may be here stated, however, that the conclusions of the Commission do not to us appear to be unreasonable, although no suggestion is offered that a decision for plaintiffs would not have been reasonable.

Much of plaintiffs' argument depends upon its contention that applicant could not render the overnight service between Spokane and Boise in exactly fifteen hours or less on every occasion.

The undisputed evidence was that in the absence of applicant's service no delivery in Boise could be expected before the morning of the second day. Contrary to plaintiffs' contention that the validity of Commission's action depended upon applicant's service never exceeding fifteen hours the Commission's report says: " * * * applicant can maintain the 15-hour schedule or, in any event, a schedule providing next

forenoon deliveries, which would result in a substantial saving over the delivery schedules now maintained * * *."

Inasmuch as the report and order and the certificate complained of are not arbitrary or beyond the authority of the commission, and since they are supported by substantial evidence, as previously stated, plaintiffs' complaint should be dismissed.

BONE, Circuit Judge and DRIVER, Chief Judge, concur.