### Deacon v. Landers
*[Cite as 4 AOA 108]*

*Case No. 1597*
*Ross County, (4th)*
*Decided June 14, 1990*

*Southeastern Ohio Legal Services, Linda C. Kowieski, Chillicothe, Ohio, for Appellant.*

*Robert G. Landers, Appellee, pro se.*

STEPHENSON, J.

This is an appeal from a judgment, entered by the Ross County Court of Common Pleas following a hearing in favor of Robert Landers, respondent below and appellee herein, granting a protection order pursuant to R.C. 3113.31 against Ruth Deacon, petitioner below and appellant herein. Appellant assigns the following errors:

I.

The Ross County Court of Common Pleas Violated Appellant's Constitutional Due Process Rights By Issuing A Protection Order Against Her Without Notice And Opportunity To Be Heard.

II.

The Ross County Court Of Common Pleas Had No Jurisdiction And No Authority Under R.C. 3113.31 To Issue A Protection Order Against Appellant.

III.

The Ross County Court Of Common Pleas Erred As A Matter Of Law By Issuing A Protection Order Against Appellant.

The facts pertinent to this appeal are as follows. On March 15, 1989, appellant filed, in the court below, her petition in domestic violence supported by affidavit. Therein, appellant alleged, *inter alia,* that she and appellee cohabited; that appellee was abusive to her; and that she was in fear of physical harm. Appellant sought both an *ex parte* and a permanent protection order under R.C. 3113.31. An *ex parte* order was granted that day and a full hearing was scheduled for March 23, 1989.

Due to difficulties in obtaining service on appellee, the *ex parte* order and hearing were continued, several times, until April 20, 1989. At that time, appellee appeared at the hearing, *pro se,* and consented to a protection order. Toward the end of the hearing, appellee requested that the court issue a similar protection order against appellant. Without any presentation of evidence, and over objection of counsel, the requested order was granted.

On April 27, 1989, a judgment granting a one year protection order against both parties was filed.[1] The judgment further scheduled a subsequent hearing to determine ownership of personal property located in appellant's residence, but found, with respect to the protective orders, that there was no just reason for delay.

The provisions in R.C. 3113.31 were enacted in 1978 as part of the Ohio "domestic violence act" to provide specific civil remedies to combat domestic violence.[2] *See* Am. sub. H.B. 835 (137 Ohio Laws, Part II, 3524). As amended, the statute provides for an *ex parte* protection order to issue upon the filing of a petition alleging domestic violence. *See* R.C. 3113.31(C) & (D). The *ex parte* order may direct respondent to, among other things, refrain from abusing household members[3] and grant exclusive possession of the residence to petitioner to the exclusion of respondent. *See* R.C. 3113.31(E)(1) (a)-(b).

In her first two assignments of error, appellant advances dual arguments and, therefore, we will consider them jointly. First, appellant asserts, *inter alia,* that the trial court below was obligated, both statutorily and under generally accepted due process standards of notice and hearing, to afford her a proper hearing in which to defend herself before judgment could be entered against her under R.C. 3113.31. Then appellant argues that she was denied such a hearing and, therefore, an entry of judgment against her was in error. We agree.

Generally, due process of law as guaranteed by the federal and state constitutions requires some legal procedure in which the person proceeded against, if that person is to be concluded by a judgment, must be afforded an opportunity to defend himself. *State, ex rel. Hoel v. Brown* (1922), 105 Ohio St. 479, 486; *Grieb v. Dept. Liquor Control* (1950), 153 Ohio St. 77, 81. The fundamental requisites of due process of law are notice and an opportunity to be heard. *Voeller v. Neilston Warehouse, Co.* (1940), 136 Ohio St. 427, 434, rev'd. on other grounds 311 U.S. 531.

Furthermore, as appellant asserts, the opportunity to be heard and to defend one's self is required by R.C. 3113.31 before judgment of a protection order can be entered against a party to the action. The statute provides, in pertinent part, as follows:

"(E)(1) After an ex parte of *full hearing,* the court may grant any protection order, with or without bond, or approve any consent agreement to bring about a cessation of domestic violence against the family or household members." (emphasis added).

Insofar as R.C. 3113.31 is concerned, and to a more general degree with regard to due process, we must determine what is meant by the phrase "full hearing" and also determine whether appellant was granted such a hearing. Initially, we note that the statute does not define "full hearing." We are also unable to find any reported decision in this state which defines the parameters of a "full hearing."[4]

However, other jurisdictions have determined that a "full hearing" embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of an opposing party and to meet them. *Morgan v. U.S.* (1937), 304 U.S. 1, 18. *Also see* Black's Law Dictionary (5 Ed. Rev. 1979) 605. A "full hearing" is one in which ample opportunity is afforded to all parties to make, by evidence and argument, a showing fairly adequate to establish the propriety or impropriety of the step asked to be taken. *Akron C & Y. R. Co. v. U.S.* (1923), 261 U.S. 184, 200; *Boston & M.R. v. U.S.* (1962) 208 F. Supp. 661, 669; *Consolidated Freightways v. U.S.* (1949), 83 F. Supp. 811, 814; *Application of Kauai* (HA Sup. Ct. 1978) 590 P. 2d 524, 536.

Without attempting to set definitive guidelines for the manner in which to conduct a "full hearing" under R.C. 3113.31, we hold that where the issuance of a protection order is contested,[5] the court must, at the very least, allow for presentation of evidence, both direct and rebuttal, as well as arguments. In ascertaining whether such opportunity was granted to appellant, we note the following portion of the transcript:

"MR. LANDERS: I would also like for the same protection for me, that she stay away from me. Even after I've been served this petition, she's still gone and found out where I'm at and we've had lunch together and things like that. . . . I'd also like for the same protection.

"THE COURT: I'm going to have to go back to the statute. I'm not sure that this statute permits that kind of, that kind of order, although I think under the same section of the statute which grants the Court authority to grant other equitable relief, the Court would have the authority to provide for restraint against Ms. Deacon from any harassment or molestation. I don't say this, Ms. Deacon, by way of pointing a finger or agreeing with Mr. Landers, but so long as you both understand that you're just not to have any contact. Your * * *

"MS. KOWIESKI: Your Honor, I would object at this time to granting Mr. Landers some kind of restraining order without so much as an affidavit on his part indicating evidence * * *

"THE COURT: What's the problem? You certainly don't want your client associating with him, and he doesn't want her associating with him, and I think that the bare statement is sufficient to grant restraint. I don't think it's going to be necessary, but I don't see any reason why it hurts anything. Nobody's mad at your client, Ms. Kowieski. We're just trying to be fair about this and saying that neither party should have anything to do with the other. It's a very simple matter.

"MS. KOWIESKI: No, I agree with that, Your Honor. I believe that is, would be accomplished by the * * *

"THE COURT: It will be accomplished by restraining your client from any contact with Mr. Landers and that will also be in the order . . ."

It is manifestly clear from this exchange that appellant was denied an opportunity to cross examine appellee and to present rebuttal evidence. Accordingly we hold that appellant was neither given a "full hearing" under R.C. 3113.31, nor afforded an opportunity to be heard or defend herself consistent with due process of law. Appellants first and second assignments of error are, therefore, sustained.

In her final assignment of error, appellant argues that there was insufficient evidence adduced at trial to sustain the issuance of a protection order and, thus, the court erred as a matter of law. We agree.

In *Thomas v. Thomas* (1988), 44 Ohio App. 3d 6, 8, the Franklin County Court of Appeals held that "[t]he statutory criterion to determine whether or not to grant a civil protection order pursuant to R.C. 3113.31 is *the existence or threatened existence of domestic violence.*" (emphasis added). The only evidence offered by appellee in support of his request for a protection order was testimony that, after the petition in the action below had been served, appellant had sought him out and they had lunch. Such testimony cannot support a finding of the existence, or threatened existence, of domestic violence as defined in R.C. 3113.31(A)(1) (i.e. causing, or attempting to cause bodily injury; placing another person in fear of imminent harm or abusing a child).

The decision to grant a civil protection order is within the discretion of the court. *See Thomas*, supra at 8. An abuse of that discretion connotes

more than an error of law or judgment, it implies an unreasonable, arbitrary or unconscionable attitude. *Cedar Bay Constr. Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22; *Steiner v. Custer* (1940), 137 Ohio St. 448 at paragraph two of the syllabus. Arbitrary means without adequate determining principle . . . not governed by any fixed rules or standard. *Cedar Bay Constr., Inc,* supra at 22. There being no evidence to support a finding of domestic violence or threat of domestic violence by appellant against appellee, we hold that the grant of a protection order against appellant constituted, an abuse of discretion. Accordingly, appellant's third assignment of error is sustained.

Having sustained appellant's three assignments of error, we vacate that portion of the judgment herein appealed and, pursuant to App. R. 12(B), enter final judgment in favor of appellant as to such portion of the judgment.

*Judgment reversed.*

ABELE, P.J., concurs in judgment & opinion.
GREY, J., dissents with opinion.

---

[1] The protection order provides, in pertinent part, as follows:

"1) By agreement of the parties . . . Robert Landers is enjoined and restrained from assaulting, harassing, threatening, abusing, or otherwise intimidating Ruth Deacon, . . . and that Robert Landers shall refrain from coming around or entering Petitioner's residence at 547 Plyley's Lane #67, Chillicothe, Ohio or any other place where respondent knows or has reason to know that petitioner may be.

"2) Upon the request of the Respondent, Petitioner is similarly restrained from assaulting, harassing, threatening or abusing Respondent . . ."

Such order was made effective for one year pursuant to R.C. 3113.31(E)(3) which provides, in part, that any order issued under the statute shall be valid until a "date certain, but not later than one year from the date of its issuance." On June 28, 1989, this court granted a stay of execution on the order pending appeal and, therefore, the issue has not been rendered moot by lapse of time since the order was journalized.

[2] "Domestic violence" is defined by R.C. 3113.31(A)(1) as follows:

"'Domestic violence' means the occurrence of one or more of the following acts against a family or household member:

"(a) Attempting to cause or recklessly causing bodily injury;

"(b) Placing another person by the threat of force in fear of imminent serious physical harm;

"(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 [2151.03.1] of the Revised Code."

[3] "Household members" is defined by R.C. 3113.31(A)(3) to include, among others, a spouse or person living as a spouse of the respondent. A person living as a spouse of the respondent is further defined as one who has lived with the respondent in a common law marital relationship, or one who has otherwise cohabited with respondent within one year prior to the date of the alleged act of domestic violence. R.C. 3113.31(A)(4).

[4] We note that in an unrelated context, a mere "hearing" has been held to include the introduction of testimony and documents. *See State v. Johnson* (1971), 29 Ohio App. 2d 219, 222.

[5] In that appellee has not appealed the issuance of the protection order against himself, we limit our holding to contested protection orders only. However, it should be noted that R.C. 3113.31 (E)(1) provides that "[a]fter an *ex parte* or full hearing, the court may . . . approve any consent agreement . . ." (emphasis added). Thus, it can be argued that even in a non-contested case, evidence must be presented to sustain the issuance of a consent protection order. This approach appears to have been taken by at least one jurisdiction. In *Ehrhart v. Ehrhart* (1989), 776 S. W. 2d 450, a Missouri Court of Appeals reversed a protection order issued by a lower court in that state. Although the lower court held a hearing at which it directed questions at both parties and despite both parties having *stipulated* that a previous *ex parte* protection order would continue, the court of appeals reversed because there had been no evidence presented in a proper adversarial proceeding.

GREY, J., dissenting.

I respectfully dissent. I believe we are elevating form over substance.

I agree with the majority that a court may not impose a protective order against a person without due process, but that is not what happened here. The court, based on the evidence, found that granting the order was warranted and said it would issue it. Respondent then asked, in effect, that a condition of the order be that Petitioner leave him alone.

"R. C. 3113.31 (E) (1) (h) says that the court may, "(h) Grant other relief that the court considers equitable and fair..."

While the order actually entered in this case did not expressly state that Petitioner's obligation to leave Respondent alone was a condition precedent to Respondent's obligation to leave titioner alone, the entry cannot be construed in any other way. I do not regard this as error in any way.

The majority opinion strikes paragraph two of the entry and affirms the balance. I do not find error, even harmless error, but if I did, I would give the trial court the opportunity, on remand, to correct what is, at most, nothing more than an imprecise use of words.

Thus, I dissent.