OPINION
Respondent-appellant, Christopher N. Ververis, appeals the issuance of a civil protection order on behalf of petitioner-appellee, Rebecca Lain nka Burke.
On October 2, 1996, a civil protection order ("CPO") was issued ("1996 CPO"), pursuant to a consent agreement, restricting appellant's contact with appellee. Pursuant to former R.C.3113.31(E)(3)(a), this CPO was effective for two years. The basis of the consent agreement was an alleged threat made by appellant earlier that year at their son's soccer game. Appellant allegedly stated that he should put a bullet in appellee's head and that of her then boyfriend. Because the CPO was issued under a consent agreement, a finding of domestic violence was unnecessary.
On September 22, 1998, appellee filed a motion to renew the CPO for five years, the maximum time that R.C. 3113.31(E)(3)(a) now states CPOs may be effective.[1] The trial court granted a temporary ex parte order and scheduled a full hearing on the matter. The only evidence of threats or other domestic violence was appellee's testimony about the threat which was the basis for the 1996 CPO. On October 23, 1998, a full hearing was held pursuant to R.C. 3113.31(D)(2)(a), after which the trial court continued the ex parte order, but granted appellant leave to file a memorandum requesting that the order be dismissed.
On November 9, 1998, the trial court filed its entry dismissing the CPO, finding that pursuant to R.C. 3113.31(E)(3)(c) it could not renew the 1996 CPO except by consent agreement, and that appellant refused to enter such an agreement.[2] In its entry, the trial court advised appellee to filed a new petition for a CPO. Appellee did so, and on November 11, 1998, the trial court held an ex parte hearing on the petition. At the conclusion of the hearing, the trial court issued a temporary order, finding that appellant had committed domestic violence based upon the same threats made against appellee in 1996. The trial court stated that it was empowered to issue a CPO based on any incident it finds to be domestic violence, regardless of how much time has passed since that incident.
A full hearing was held on January 6, 1999, at which the only evidence of domestic violence was again appellee's testimony concerning the threat allegedly made in 1996. No new evidence of domestic violence was presented, and appellant contested appellee's allegation that he had threatened her. On January 11, 1999, the trial court filed an entry finding that appellant had committed an act of domestic violence and granting appellee a new CPO effective for five years. Appellant requested findings of fact and conclusions of law pursuant to Civ.R. 52, which the trial court filed on February 2, 1999. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT IN GRANTING A SECOND CIVIL PROTECTION ORDER ON THE SAME, SINGULAR BASIS USED TO ISSUE THE ORIGINAL PROTECTION ORDER, WITHOUT MORE.
 In his first assignment of error, appellant contends that the trial court was required to find some evidence of a present likelihood of violence or threats of violence before it could issue a new CPO. Appellant argues that appellee presented no evidence tending to show that she could reasonably have a fear of imminent harm which would support issuance of a new CPO.
R.C. 3113.31(D)(1) empowers the trial court to enter a temporary protective order by ex parte hearing:
 The court, for good cause shown at the ex parte hearing, may enter any temporary orders, * * * that the court finds necessary to protect the family or household member from domestic violence. Immediate and present danger of domestic violence to the family or household member constitutes good cause for purposes of this section. Immediate and present danger includes, but is not limited to, situations in which the respondent has threatened the family or household member with bodily harm or in which the respondent previously has been convicted of or pleaded guilty to an offense that constitutes domestic violence against the family or household member.
(Emphasis added.)
 After a temporary ex parte order is issued, a full hearing must be held before the trial court may enter a CPO. R.C. 3113.31(D)(2)-(a). When issuing a CPO, "the court may grant any protection order * * * or approve any consent agreement to bring about a cessation of domestic violence against the family or household members." R.C. 3113.31(E)(1). The CPO is valid until a date specified, but not later than five years from its issuance or approval. R.C. 3113.31-(E)(3)(a). The CPO may be later renewed "in the same manner as the original order or agreement was issued or approved." R.C. 3113.31-(E)(3)(c).
A decision to issue a CPO is reviewed for abuse of discretion. Woolum v. Woolum (Feb. 1, 1999), Preble App. No. CA 98-07-010, unreported, citing Deacon v. Landers (1990),68 Ohio App.3d 26, 31, 587 N.E.2d 395. The petitioner seeking a CPO must demonstrate "by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. Domestic violence, as a basis for a CPO, is defined in R.C. 3113.31(A)(1):
 "Domestic violence" means the occurrence of one or more of the following acts against a family or household member:
 (a) Attempting to cause or recklessly causing bodily injury;
 (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;
 (c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code.
In Woolum v. Woolum (Feb. 1, 1999), Preble App. No. CA 98-07-010, unreported, this court considered what evidence is required to justify renewing a CPO or issuing a new CPO based upon a past incident of domestic violence. In Woolum, the petitioner sought to renew an existing CPO, basing her request upon past acts of domestic violence as well as recent threats and harassment by the respondent. The trial court granted the extension, and this court affirmed. This court held that
 [t]he renewal of the civil protection order in this case was based not only upon past domestic violence, but upon past domestic violence coupled with present threats of future violence. * * * Thus, when coupled with past domestic violence, these new threats warranted renewal of the civil protection order, even though the threats, in and of themselves, did not rise to the level of domestic violence as defined in R.C. 3113.31(A)(1).
* * *
 Thus, it was not an abuse of discretion for the trial court to renew the civil protection order, which automatically terminated due to the passage of time, on the basis of past domestic violence coupled with the present threat of future violence.
 In the instant case, the only evidence of domestic violence was the threat in 1996, which was the basis for the 1996 CPO. Since that time, there have been no threats or actions that would lead to the conclusion that appellant is likely to commit future acts of domestic violence. Appellee admits that appellant has not done anything other than the one past threat which would tend to demonstrate that she should be in fear of imminent threat or harm.
Thus, the trial court erred by issuing the ex parte
order, as appellee presented no evidence that the alleged threat — from over two years before — had continued to place her "in fear of imminent serious physical harm." A CPO, whether temporary or permanent, should not be issued when the circumstances warranting such an order have passed.
The holding above should not be construed as saying that a threat or violent act from the past can never be the basis for renewing a CPO or issuing a new CPO. Rather, we adhere to our holding in Woolum, as stated above, which requires some evidence that there remains a "present threat of future violence" before the trial court may renew or issue a CPO.
The trial court abused its discretion in ordering both the temporary order and the new CPO. Accordingly, appellant's first assignment of error is sustained.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ADVISING APPELLEE TO FILE A NEW PETITION FOR DOMESTIC VIOLENCE AFTER HER APPLICATION FOR RENEWAL WAS ALREADY DISMISSED.
 In his second assignment of error, appellant contends that the trial court abused its discretion by advising appellee to file a new petition for a CPO. Appellant argues that the trial court was precluded from advising appellee on the proper procedure for seeking a new CPO.
Although this assignment of error is moot in light of our disposition of appellant's first assignment of error, we feel comment is necessary because this issue may arise again in the future. A trial court is not precluded from advising a party of the proper procedure to be followed in a given case, especially where that party is represented pro se. Accordingly, appellant's second assignment of error is overruled.
Judgment reversed.
POWELL, P.J., and WALSH, J., concur.
[1] R.C. 3113.31(E)(3)(A) was amended on January 1, 1998 to extend the maximum length of time a CPO may be effective from two to five years.
[2] R.C. 3113.31(E)(3)(c) provides:
 Any protection order issued or consent agreement approved pursuant to this section may be renewed in the same manner as the original order or agreement was issued or approved.