DECISION JUDGMENT ENTRY
Appellant Debra L. Gooderham appeals from a civil protection order against her that purported to protect Randy Patterson, the appellant's ex-boyfriend, from acts of domestic violence. She assigns three errors for our review:
 I. The court commited [sic] error when it found defendant violated the court's domestic orders.
 II. The court erred by proceeding to hear Debra L. Goodherham's case on February 2nd, 1999, just after she was served with summons.
 III. The time limits for final hearing as provided in Ohio Revised Code § 3113.31 are in conflict with the Ohio Rules of Civil procedure, [sic] therefore, those portions of § 3113.31 violate the provisions of the Ohio Constitution, have no force and effect, and are unconstitutional. The court therefore, [sic] erred in scheduling the case for full and final hearing in contravention of the Ohio Rules of Civil Procedure.
Pursuant to R.C. 3113.31(E)(4), we hold that the court improperly conducted a hearing on the appellee's petition for a civil protection order. Accordingly, we sustain the second assignment of error, rendering moot the appellant's remaining assignments.
 I.
On January 25, 1999, the appellant filed a petition for a domestic violence civil protection order ("CPO") in the Gallia County Court of Common Pleas, pursuant to R.C. 3113.31. The appellant sought protection from Mr. Patterson, with whom she had been romantically involved for several months before ending the relationship. That same day, the court issued, at the appellant's request, an ex parte CPO ordering Mr. Patterson to keep away from the appellant. The court scheduled a February 2, 1999 hearing date for the appellant's CPO petition.
Four days after the appellant filed her CPO petition and obtained an ex parte CPO against him, Mr. Patterson filed a petition for a domestic violence CPO against the appellant. The petition stated that the appellant made unwanted phone calls to the appellee, followed the appellee to a local tanning salon, and photographed the appellee. The petition also alleged that "during the time [living] together, [appellant] hit him and knocked [him] into wall." Mr. Patterson requested an order restraining the appellant from harming, threatening, following, stalking, or otherwise harassing him. He also requested the return of certain items of personal property that were in the appellant's possession. Mr. Patterson also requested an ex parte temporary CPO, which the trial court granted. See R.C. 3113.31(D). The exparte CPO prohibited the appellant from contacting or abusing Mr. Patterson and also forbade the appellant from being present within-fifty feet of Mr. Patterson. The court scheduled a full hearing on Mr. Patterson's CPO for February 2, 1999.
On February 2, 1999, the appellant appeared in court for the scheduled hearing on her petition for a CPO against Mr. Patterson. She was not represented by counsel. That same morning, the appellant was served with Mr. Patterson's petition for CPO and the ex parte CPO that Mr. Patterson had obtained against her. The court proceeded to hold a hearing on both the appellant's petition and Mr. Patterson's petition. At the close of testimony, the court issued CPOs in favor of both the appellant and Mr. Patterson. The court granted the appellant's petition after finding that Mr. Patterson had committed domestic violence by "stalking" the appellant within the meaning of R.C. 3113.31.[2]
In granting Mr. Patterson's petition, the court found that the appellant "committed violation [sic] of domestic violence by calling on phone, seeing individual at tanning booth and photoing [sic]." The appellant commenced this appeal.[3]
 II.
We first address the appellant's second assignment of error, as we find it dispositive of this appeal. The appellant and Mr. Patterson invoked R.C. 3113.31 to obtain protection from one another. After ex parte hearings, both obtained temporary CPOs pursuant to R.C. 3113.31(D). Subsequent to its issuance of the temporary CPOs, the court was to proceed as in a normal civil action and grant a full hearing to the parties on their respective CPO petitions. See Felton v. Felton (1997), 79 Ohio St.3d 34,37.
The trial court scheduled a hearing on the appellant's petition for February 2, 1999. The court also scheduled a hearing on Mr. Patterson's petition for February 2, 1999, apparently in an effort to consolidate the actions. However, the appellant was not served with notice of Mr. Patterson's ex parte CPO and the summons for hearing on Mr. Patterson's CPO petition until the day of the scheduled hearing. We believe that the court's decision to conduct a hearing on both of these CPO petitions on February 2, 1999 and ultimately grant Mr. Patterson's CPO against the appellant, while understandable, was contrary to R.C. 3113.31.
R.C. 3113.31(E)(4) states:
 A court may not issue a protection order that requires a petitioner to do or refrain from doing an act that the court may require a respondent to do or to refrain from doing under division (E)(1)(a), (b), (c), (d), (e) (g), or (h) of this section unless all of the following apply:
 (a) The respondent files a separate petition for a protection order in accordance with this section.
 (b) The petitioner is served with notice of the respondent's petition at least forty-eight hours before the court holds a hearing with respect to respondent's petition, or the petitioner waives the right to receive this notice.
 (c) If the petitioner has requested an ex parte order pursuant to division (D) of this section, the court does not delay any hearing required by that division beyond the time specified in that division in order to consolidate the hearing with a hearing on the petition filed by the respondent.
 (d) After a full hearing at which the respondent presents evidence in support of the request for a protection order and the petitioner is afforded an opportunity to defend against that evidence, the court determines that the petitioner has committed an act of domestic violence or has violated a temporary protection order issued pursuant to section 2919.26 of the Revised Code, that both the petition and the respondent acted primarily as aggressors, and that neither the petitioner nor the respondent acted primarily in self-defense.
(Emphasis added.)
R.C. 3113(E)(4)(b) is the relevant provision here. The record shows that the appellant was not served with notice of Mr. Patterson's petition until February 2, 1999, the same day as the scheduled hearing on the appellant's petition for a CPO. Although the appellant appeared for her own hearing, there is nothing in the record to indicate she had notice that the hearing would encompass Mr. Patterson's petition. Nevertheless, the court proceeded with a hearing on Mr. Patterson's petition and issued a CPO against the appellant. The court's granting of Mr. Patterson's petition therefore violated R.C. 3113.31(E)(4)(b), absent any indication that the appellant waived her right to receive notice at least forty-eight hours prior to the hearing. See Adrine and Ruden, Ohio Domestic Violence Law (1999 ed.) 517, Section T13.14; cf. Deacon v. Landers (1990), 68 Ohio App.3d 26,29 (finding that the trial court violated domestic violence CPO petitioner's due process rights by issuing CPO against her; even though the court also issued CPO against respondent, petitioner had no notice or opportunity to defend against respondent's allegations).
R.C. 3113.31 is silent as to what constitutes a "waiver" of the forty-eight hour notice requirement contained in R.C.3113.31(E)(4)(b). Under the Civil Rules, a party may waive the notice requirements attendant to motion hearings by failing to raise the issue, appearing with counsel, and fully participating at the hearing. See Lorain Cty. Children Servs. v. Murray (Jan. 17, 1996), Lorain App. No. 95CA006053, unreported; see, also,Lincoln v. Lincoln (July 1, 1999), Cuyahoga App. No. 74265, unreported (acknowledging that Civ.R. 6(D) notice requirements pertaining to notice of hearing may be waived). The record does not show that the appellant waived notice in this manner. Although the appellant fully participated at the February 2, 1999 hearing, she appeared pro se and appeared ostensibly for the hearing on her own CPO petition. The record does not make it clear that she understood she would also have to defend against the appellee's petition. Under these circumstances, it would be unjust to construe the appellant's appearance and participation as a waiver of the R.C. 3113.31(E)(4)(b) notice provisions. Moreover, the record contains no indication that the appellant expressly waived her statutory right to receive notice of Mr. Patterson's petition forty-eight hours prior to the scheduled hearing.
We hold that the court erred by proceeding with a hearing on Mr. Patterson's petition when the appellant had not received the notice required by 3113.31(E)(4)(b). Accordingly, we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.[4] Because we have found prejudicial error with regard to the appellant's second assignment of error, the remaining assignments of error are rendered moot under App.R. 12(A)(1)(c).
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[2] The court also found that Mr. Patterson had committed acts of domestic violence against the appellant and granted the appellant's petition for a CPO. Mr. Patterson has appealed the trial court's entry of a CPO against him. Gooderham v. Patterson,
Gallia App. No. 99CA01.
[3] The appellant's brief describes this appeal as an appeal of her "conviction." Obviously, this characterization is incorrect, as this was not a criminal action.
[4] In Gooderham v. Patterson, Gallia App. No. 99CA01, we affirm the trial court's entry of a domestic violence CPO against Mr. Patterson. Thus, Mr. Patterson is restrained from abusing, harassing, and contacting Ms. Gooderham. Nevertheless, we must remand this case for further proceedings. The CPO we affirm in Gallia App. No. 99CA01 does not have the reciprocal effect of ordering Ms. Gooderham to refrain from similar activity to that which Mr. Patterson is restrained from engaging. In other words, the CPO issued against Mr. Patterson does not restrain Ms. Gooderham from contacting Mr. Patterson. A CPO issued by a court is only effective against the respondent; a petitioner does not violate the order by initiating contact or inducing the respondent to violate it. See Adrine and Ruden, supra, at 323, section T11.8.