{¶ 45} While I agree with the resolution reached by the majority with respect to the third assignment of error, I disagree with its outcome regarding the first and second assignments, and therefore respectfully dissent from that portion of the majority opinion.Clarence Terrell maintains that the trial court abused its discretion in awarding his wife the Section 8 checks without allowing him to present evidence concerning the couple's finances. He further argues that the court abused its discretion in excluding evidence of their finances because this ruling effectively prohibited him from presenting his theory that Jeanetta falsely accused him of domestic violence for monetary reasons.
 {¶ 46} Jeanetta counters that the court heard sufficient evidence to justify its allocation of rental income, and that their finances were not relevant to the issue of domestic violence.
 {¶ 47} R.C. 3113.31(D)(2)(a), the domestic violence protection order statute, states in pertinent part:
 {¶ 48} "(2)(a) If the court, after an ex parte hearing, issues an order described in division (E)(1)(b) or (c) of this section, the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing. If any other type of protection order that is authorized under division (E) of this section is issued by the court after an ex parte hearing, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The courtshall give the respondent notice of, and an opportunity to be heard at,the full hearing. * * *" (Emphasis added.)
 {¶ 49} A review of a trial court's decision under that statute is limited to an abuse of discretion. As the court recently stated inParrish v. Parrish, 95 Ohio St.3d 1201, 1204, 2002-Ohio-1623:
 {¶ 50} "The decision whether to grant a civil protection order lies within the sound discretion of the trial court. Deacon v. Landers
(1990), 68 Ohio App.3d 26. Therefore, an appellate court should not reverse the judgment of the trial court absent an abuse of discretion. An abuse of discretion `connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142."
 {¶ 51} Here, the record reveals that the court allowed Jeanetta's counsel to fully examine both parties regarding their finances; however, when Clarence's counsel attempted to cross-examine Jeanetta on this matter, the following exchange cited by the majority occurred:
 {¶ 52} "Q. This is all about money, isn't it?
 {¶ 53} "A. Money? What money?
 {¶ 54} "Q. You trying to get money?
 {¶ 55} "A. No. I'm not trying to get money. I feel that I deserve something.
 {¶ 56} "Q. Oh, you're entitled to it. But don't you have a spending problem?
 {¶ 57} "A. No. I don't have a spending problem.
 {¶ 58} "Q. You don't have a spending problem?
 {¶ 59} "A. No, I do not.
 {¶ 60} "Q. You filed a motion for support, correct?
 {¶ 61} "A. Yes.
 {¶ 62} "Q. You filed it with the Court. You swore it's all accurate. You spend 300 bucks a month on clothes?
 {¶ 63} "A. No.
 {¶ 64} "Q. That was your motion?
 {¶ 65} "A. Yes, I spent it and I pay my note.
 {¶ 66} "THE COURT: Wait a minute. You have a support motion pending?
 {¶ 67} "MR. MAYER: Yes, Your Honor.
 {¶ 68} "THE COURT: Then we're not going to dispose of that here then.
 {¶ 69} "MR. MAYER: I think part of the issue is that this whole thing is over money.
 {¶ 70} "THE COURT: Well, that's your argument. But we're not going to get into it any further. I didn't know that there was a motion pending.
 {¶ 71} "MR. KUENZI: Your Honor —
 {¶ 72} "THE COURT: That will be heard separately. A proper order will be made by I assume the Magistrate or the Court.
 {¶ 73} "MR. MAYER: I think our case in chief is —
 {¶ 74} "THE COURT: What's that?
 {¶ 75} "MR. MAYER: I'm sorry. I think our case in chief is that Ms. Terrell has a spending problem and she wants basically to acquire.
 {¶ 76} "MR. KUENZI: Objection, Your Honor, move to strike.
 {¶ 77} "THE COURT: We're not going to get into this, the support issue as far as I'm concerned. I'm putting that aside."
 {¶ 78} It is undisputed that the trial court precluded Clarence from presenting evidence of Jeanetta's spending habits or explore his position on the couple's finances. The issue here is whether, in doing so, the trial court afforded Clarence a "full hearing" as provided for in R.C. 3113.31(D)(2)(a).
 {¶ 79} In this regard, in Deacon v. Landers (1990),68 Ohio App.3d 26, 29-30, the court stated:
 {¶ 80} "However, other jurisdictions have determined that a `full hearing' embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of an opposing party and to meet them. Morgan v. United States (1937), 304 U.S. 1, 18, 58 S.Ct. 773,776, 82 L.Ed. 1129, 1132. See, also, Black's Law Dictionary (5 Ed.Rev. 1979) 605. A `full hearing' is one in which ample opportunity is afforded to all parties to make, by evidence and argument, a showing fairly adequate to establish the propriety or impropriety of the step asked to be taken.
 {¶ 81} "Without attempting to set definitive guidelines for the manner in which to conduct a `full hearing' under R.C. 3113.31, we hold that where the issuance of a protection order is contested, [footnote omitted] the court must, at the very least, allow for presentation of evidence, both direct and rebuttal, as well as arguments." (Citations omitted.)
 {¶ 82} In Deacon, the Fourth Appellate District reversed the issuance of a protection order because the "appellant was denied an opportunity to cross-examine appellee and to present rebuttal evidence." Accord Lindsay v. Jackson (Sept. 8, 2000), Hamilton App. No. C-990786.
 {¶ 83} In the instant case, the trial court denied Clarence an opportunity to cross-examine Jeanetta on her spending habits and the parties' finances; such evidence would have been relevant not only to the pending motion for support, but also to the allocation of rental income in the protection order, and would have related to his claim that she had monetary incentives to accuse him of domestic violence. The court, in my view, abused its discretion by arbitrarily denying him a full hearing and an opportunity to advance the theory of his case in questioning Jeanetta's credibility.
 {¶ 84} Accordingly, I would sustain his first and second assignments of error, reverse the judgment of the trial court, and remand this matter for further proceedings consistent with this opinion.