JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Belinda Geiger, appeals from the trial court's issuance of an anti-stalking protection order against her. After review of the arguments and pertinent law, and for the reasons below, we reverse and remand for further proceedings.
 {¶ 2} On January 19, 2006, Anthony J. DeNicola ("DeNicola"), the state's complaining witness, filed a sworn affidavit and complaint with the Bedford Municipal Court. This complaint alleged that appellant had committed the criminal offense of menacing by stalking, and stated:
 {¶ 3} "[O]n or about the 18th day of January, 2006 at the City of Solon, * * * one Belinda M. Geiger, while in the vicinity of 33000 Solon Road, Solon (Cuyahoga), Ohio, did by engaging in a pattern of conduct knowingly cause another person to believe that the offender will cause physical harm to another person or cause mental distress to the other person, to wit: Mrs. Geiger did lay in wait in the parking lot of 6035 Enterprise Parkway, Solon (Cuyahoga), Ohio and follow Mr. DeNicola from that location to the Solon Police Department. She again sat in the parking lot 33060 Solon Road, Solon (Cuyahoga), Ohio and waited for Mr. DeNicola to exit and then began to follow him once again contrary to the form of an ordinance 636.045(A)(1) of the codified ordinances of the city of Solon, Ohio, a misdemeanor of the first degree * * *."
 {¶ 4} Pursuant to this complaint, a warrant was issued for appellant, and she was arrested. The next day, January 20, 2006, she was arraigned on the charge and pleaded not guilty. A magistrate also conducted an ex parte temporary protection order hearing, where a temporary protection order was granted against appellant pending a full hearing, which was set for January 25, 2006.
 {¶ 5} On January 25, 2006, the parties, counsel, and witnesses appeared for a full hearing, pursuant to R.C.2903.214(D)(2)(a). At the hearing, the trial court refused to allow counsel for appellant to cross-examine any of the state's witnesses. Appellant's counsel made timely objections to these refusals, and those objections were preserved on the record. At the conclusion of the hearing, the trial court issued the anti-stalking protection order against appellant.
 {¶ 6} Appellant appeals asserting two assignments of error.
 {¶ 7} "I. The trial court violated the Defendant's due process rights guaranteed under the Fifth andFourteenth Amendments to the United States Constitution and guaranteed under Section 16, Article I of the Ohio Constitution, and erred as a matter of law, when it refused, upon request and over objection, to allow Defendant's attorney to cross-examine any of the State's witnesses during the full hearing on the State's motion for a protection order.
 {¶ 8} "II. The trial court acted in an arbitrary, unreasonable, and unconscionable manner when it granted the State's motion for protection order, and thus deprived the Defendant of her substantive rights to due process and freedom of assembly guaranteed under the First, Fifth, andFourteenth Amendments to the United States Constitution, and under Section 3
and 16, Article I of the Ohio Constitution, where notwithstanding the Defendant's inability to cross-examine the State's witnesses, the complaint was shown by direct testimony of the alleged victim to be a sham, and none of the elements of the offense were proved by the State."
 {¶ 9} Appellant first argues that her due process rights were violated during the course of the January 25th hearing. She contends that the trial court committed prejudicial error in failing to provide her an opportunity to cross-examine witnesses during that hearing. Upon review of the record and the applicable law, we find merit in this argument.
 {¶ 10} R.C. 2903.214 provides the statutory requirements applicable to petitions for protection orders to victims of menacing by stalking. The trial court was bound by the dictates of this statute in its procedures toward granting DeNicola's petition for a protection order, including during the January 25th hearing. R.C. 2903.214(D)(2)(a) reads in pertinent part:
 {¶ 11} "If the court, after an ex parte hearing, issues a protection order described in division (E) of this section, the court shall schedule a full hearing for a date that is within ten days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. * * *" (Emphasis added.)
 {¶ 12} The trial court held an ex parte hearing issuing a temporary protection order on January 20, 2006, and then correctly scheduled a full hearing within the ten day time frame allotted in the statute. The record indicates that appellant received proper notice of the full hearing at the conclusion of the January 20th hearing. The trial court's error, however, arose when it did not sufficiently provide appellant an opportunity to be heard at the full hearing.
 {¶ 13} In defining the scope of an opportunity to be heard in the realm of a full hearing, the courts have held that such a hearing not only grants a defendant "the right to present evidence, but also a reasonable opportunity to know the claims of an opposing party and to meet them. * * * A `full hearing' is one where ample opportunity is afforded to all parties to make, by evidence and argument, a showing fairly adequate to establish the propriety or impropriety of the step asked to be taken.
 {¶ 14} "* * * where the issuance of a protection order is contested, the court must, at the very least, allow for the presentation of evidence, both direct and rebuttal, as well as arguments. * * * [Citing, Deacon v. Landers (1990),68 Ohio App.3d 26, 29-30, 587 N.E.2d 395, 398]." Lindsay v. Jackson
(Sept. 8, 2000), Hamilton App. No. C-990786, at 9.
 {¶ 15} When a defendant is denied an opportunity to cross-examine a respondent or the supporting witnesses, and is denied an opportunity to present rebuttal evidence, that defendant is substantially denied a full hearing or an opportunity to be heard consistent with due process of law. Id.
 {¶ 16} It is clear from the record that the trial court refused appellant the opportunity to cross-examine DeNicola or any of the state's witnesses. After direct examination of DeNicola, and after a few questions from the trial court, the following transpired:
 {¶ 17} "THE COURT: You can step down.
 {¶ 18} "[APPELLANT'S COUNSEL — "AP"]: Your Honor, do I get an opportunity to cross-examine him?
 {¶ 19} "THE COURT: No. You have no right to cross-examine him under this temporary protection order.
 {¶ 20} "[AP]: My understanding is from the statute that I have an opportunity. It's a civil protection order.
 {¶ 21} "THE COURT: No. No." (Tr. 11.)
 {¶ 22} The trial court was mistaken in its understanding of the proceedings. Consequently, appellant was denied her right to be heard at the full hearing. Because the trial court committed reversible error, the matter must be remanded for a full hearing on the petition for a protection order. Appellant's first assignment of error is sustained.
 {¶ 23} Because our ruling on appellant's first assignment of error is dispositive of this appeal, appellant's remaining assignment of error is rendered moot, pursuant to App.R. 12(A)(1)(c).
 {¶ 24} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Rocco, J., Concur.