OPINION
Respondent-appellant, Addison P. Stonewall, appeals a judgment of the Clinton County Court of Common Pleas issuing a civil protection order ("CPO") against him. We affirm the decision of the trial court.
Appellant was married to petitioner-appellee, Tammy L. Morris, for six years before they divorced in April 1998. Morris filed for a temporary CPO on August 6, 1998. Morris dismissed her CPO petition before a final hearing was held after appellant agreed that he would no longer intimidate her in any way. On January 13, 1999, Morris again filed for a temporary CPO. Following an ex parte hearing, a temporary CPO was granted. Thereafter, the trial court held hearings on the issuance of a permanent CPO.
Morris testified that she suffered verbal, physical, and sexual abuse throughout her marriage to appellant, who is a sheriff's deputy. Morris stated that appellant had threatened her numerous times. Specifically, he told her that he would set fire to their home while she was in it and that he would hurt her more than a victim of a particularly gruesome murder had been hurt. Appellant told Morris that if she ever called anyone at the sheriff's office with complaints against him, no one would help her. Morris also testified that appellant pushed her down once and tried to burn her with a cigarette on several occasions. She once suffered bruises when appellant grabbed her breasts and pulled her across the kitchen to an adjoining room in their home. Morris stated that appellant repeatedly forced her to have sex with him, including anal and oral sex, and held her down so that he could urinate on her. Finally, Morris testified that appellant had once pointed a gun at her, causing her to fear for her life.
Morris's long-time friend, Tracy Pelton, testified that Morris had told her about appellant's abusive actions as they were occurring during Morris's marriage to appellant. Concerned for her friend's safety, Pelton tried to convince Morris to move to Columbus to escape from appellant, but Morris remained in Clinton County.
Morris further testified that after their marriage, appellant had followed and stalked her in the fall and winter of 1998. Morris provided dates and detailed descriptions of four separate incidents. She stated that at these times she feared that appellant was going to harm her.
Appellant testified that he had never harmed Morris in any way. He specifically denied each allegation of abuse that Morris had made. Appellant insisted that when he and Morris had argued and the argument escalated, he would walk out of the room or house and leave Morris alone until they both calmed down. Appellant stated that he had not followed or stalked Morris at any time during 1998.
By entry dated April 1, 1999, the trial court determined that although Morris had failed to sustain her burden of proof regarding allegations of following and stalking in 1998, she had shown by a preponderance of the evidence that appellant had attempted to cause or recklessly caused bodily injury to her during their marriage. The trial court issued a CPO, ordering appellant to refrain from intentionally coming within one hundred-fifty feet of Morris, from stalking, threatening, abusing or harassing her, or from having any contact with her, whether by person, by phone, or in writing. The trial court ordered that the CPO was to be in effect for five years. Appellant subsequently filed this appeal.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT ISSUED THE CIVIL PROTECTION ORDER PURSUANT TO OHIO REVISED CODE § 3113.31(D)(1) BECAUSE THERE WAS NOT AN "IMMEIATE AND PRESENT DANGER OF DOMESTIC VIOLENCE." HENCE THE COURT ABUSED ITS DISCRETION.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT ISSUED THE CIVIL PROTECTION ORDER PURSUANT TO OHIO REVISED CODE § 3113.31(E)(1) BECAUSE THERE WAS ALREADY A CESSATION TO THE ALLEGED DOMESTIC VIOLENCE.
Assignment of Error No. 3:
 THE CASE LAW IN THE STATE OF OHIO DOES NOT SUPPORT THE ISSUANCE OF A CIVIL PROTECTION ORDER ABSENT ANY THREAT OF IMMEDIATE AND PRESENT DANGER.
Because appellant's assignments of error are interrelated, we will address them together. Appellant argues that the trial court's order issuing a CPO against him was an abuse of discretion where, appellant claims, there was no immediate and present danger of domestic violence and the alleged domestic violence had already ceased.
First, we note that appellant's argument that a trial court must find "immediate and present danger of domestic abuse" to issue a CPO is an incorrect statement of the law. This standard is applicable to R.C. 3113.31(D)(1), which refers to the issuance of temporary CPOs after an ex parte hearing.
In order to grant a CPO, a trial court must find that a petitioner has shown by a preponderance of the evidence that the petitioner, or the petitioner's family or household members, are in danger of domestic violence. Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of syllabus. In Felton, the court stressed the policy reasons behind allowing the issuance of a CPO even after a divorce or dissolution has become final. Id. at 41. "State statutes need to protect women and children during and after the break-up of relationships because of their continuing, and often heightened, vulnerability to violence." Id., citing Klein and Orloff, Providing Legal Protection for Battered Women: An Analysis of State Statutes and Case Law (1993), 21 Hofstra L.Rev. 801, 816.
A trial court's order issuing a CPO is reviewed under an abuse of discretion standard. Woolum v. Woolum (Feb. 1, 1999), Preble App. No. CA98-07-010, unreported, citing Deacon v. Landers
(1990), 68 Ohio App.3d 26, 31. An abuse of discretion implies that the trial court's decision was unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. A reviewing court should follow a presumption that the trial court's findings are accurate because the trial court is in the best position to view the witnesses and observe their demeanor so as to weigh the credibility of the testimony. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
Domestic violence as a basis for a CPO is defined in R.C.3113.31(A)(1):
 "Domestic violence" means the occurrence of one or more of the following acts against a family or household member:
Attempting to cause or recklessly causing bodily injury;
 Placing another person by threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [2903.21.1] or 2911.211 [2911.21.1] of the Revised Code;
 Committing any act with respect to a child being an abused child, as defined in section 2151.031
[2151.03.1] of the Revised Code.
The trial court found that the physical and sexual abuse that occurred during the marriage constituted domestic violence. Although the trial court determined that the domestic violence had happened at least nine months prior to Morris's petition for a CPO, it could find no applicable statute of limitations, and issued a CPO.
Appellant argues that following the holding of Woolum v.Woolum (Feb. 1, 1999), Preble App. No. CA98-07-010, unreported, this court should find that the trial court's issuance of a CPO was an abuse of discretion. Appellant contends that according to our holding in Woolum, past domestic violence must be coupled with the present threat of future violence in order for a CPO to be issued. Id. at 9-10. We find that Woolum, which involved a renewal of a CPO, is distinguishable from the case sub judice, which involves the original issuance of a CPO. Moreover, our holding in Woolum has been further explained in Trent v. Trent
(May 10, 1999), Preble App. No. CA98-09-014, unreported, and inLain v. Ververis (Oct. 18, 1999), Preble App. No. CA99-02-003, unreported.
In Trent, this court affirmed the issuance of a CPO based on domestic abuse existing in a marital relationship. In addressing the appellant's arguments, we stated the following:
 With regard to appellant's argument that there was no evidence that appellee was in fear of imminent serious physical harm because of the staleness of the incidents described by appellee, we find that the language of R.C. 3113.31(A) does not require evidence of "new" domestic violence before a civil protection order may be issued or continued. "The statute does not place any outer limit on when the domestic violence must have occurred. Whether an occurrence of domestic violence is recent enough to warrant a civil protective order is a matter committed to the sound discretion of the trial court."
Trent at 5, quoting Halley v. Ashley (Nov. 12, 1997), Summit App. No. 18232, unreported, at 2, fn. 2.
In Lain, Preble App. No. CA99-02-003, unreported, this court reversed the judgment of a trial court that had issued a CPO. In that case, a CPO had been ordered in 1996, based upon an alleged threat made by appellant at his son's soccer game. Lain at 1-2. This CPO expired two years later, and appellee filed a petition for a new CPO. Id. at 2. A new CPO was granted, despite the fact that no evidence of domestic violence was presented except regarding the single threat that had served as the basis of the expired CPO. Id. at 3. Reversing the trial court's order for a new CPO, this court stated that "[a] CPO, whether temporary or permanent, should not be issued when the circumstances warranting such an order have passed." Id. at 6. However, we continued to explain:
 The holding above should not be construed as saying that a threat or violent act from the past can never be the basis for renewing a CPO or issuing a new CPO. Rather, we adhere to our holding in Woolum, as stated above, which requires some evidence that there remains a "present threat of future violence" before the trial court may renew or issue a CPO. Id. at 6-7. (Emphasis added.)
Unlike the CPO that was reversed in Lain, which was based upon a single verbal threat made at a public place, the CPO in this case is based upon verbal, physical, and sexual abuse sustained over a period of years in a marriage. Morris was so traumatized and embarrassed by the abuse that she did not speak to anyone as it was taking place except for one very close friend. That the perpetrator of the abuse is a member of the law enforcement community who frequents some of the same places Morris does further increases the need for a CPO, even if a recent threat or harm has not been shown. Under these facts, there is a basis for finding that there remains "a present threat of future violence." Lain at 6-7.
We find that there is competent, credible evidence to support the finding of the trial court. Therefore, the issuance of a CPO against appellant did not constitute an abuse of discretion. Appellant's assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.