Please note: We have sua sponte removed this case from the accelerated calendar.
 DECISION.
On Thursday, September 9, 1999, petitioner-appellee, Lori A. Lindsay, filed a petition for a stalking civil protection order on behalf of her fourteen-year-old daughter, Kristin, against respondent-appellant, Loraytio Jackson. In the petition, she alleged the following:
 Loraytio Jackson is constantly throwing rocks at my windows trying to get attention from my 14 yr. old daughter who has NO interest in him whatsoever. [T]here is a case of criminal trespass or burglary pending. [T]he [b]oy has mental issues and he is always hanging around my house in front. All hours of the night.
 That same day, a magistrate issued an ex parte protection order. Jackson was served with a copy of the order at the Hamilton County Justice Center on Friday, September 10, 1999. The order included notice that a full hearing would be held on Monday, September 13, 1999, at 9:15 a.m.
Jackson and Lindsay appeared at the hearing before the magistrate without counsel. The court asked Lindsay why she had filed the petition, and she stated,
 Because Mr. Jackson has been at my home several times and about the area. Since he tried to break into my home in April, he's been put in jail. They let him out and I see him in the vicinity throwing rocks at the window, and I have a 14-year-old daughter. He, the night that he tried to break into my house, he first attempted going through her window. Then came down, had the living room window open to my apartment, when someone called the police.
 The magistrate asked her if, as a result of these occurrences, she and her daughter were afraid of Jackson, to which she replied affirmatively. The magistrate then asked if Jackson's conduct had caused them mental distress, to which she also replied affirmatively.
The magistrate asked Jackson if he wanted to make a statement. He did not offer Jackson an opportunity to seek a continuance, to cross-examine Lindsay, or to present other witnesses. Jackson stated that he came to Lindsay's house once at her daughter's invitation, and that he looked in the window. He denied any wrongdoing.
That same day, the magistrate journalized a decision, which was adopted by the trial court, issuing a civil protection order. The order stated, among other things, that Jackson should stay away from the petitioner and her daughter, and that he should not "be present within 10 blocks" of them. Jackson filed objections to the magistrate's decision, which the trial court overruled.
Jackson has filed a timely appeal, which we have sua sponte
removed from the accelerated calendar. We note that Lindsay has failed to file a brief with this court. Consequently, we may accept the statement of facts in Jackson's brief as true. See App.R. 18(C); Ford Motor Credit Co. v. Potts (1986), 28 Ohio App.3d 93,96, 502 N.E.2d 255, 258.
Jackson presents three assignments of error for review. In his first assignment of error, he states that the trial court erred by "holding a hearing upon inadequate notice." He contends that one business day's notice of the hearing did not give him adequate time to prepare. He also argues that the hearing did not meet the requirements of due process because the trial court failed to inform him that he had a right to a continuance to obtain counsel and because he was not given the opportunity to subpoena witnesses. In his second assignment of error, Jackson states that the trial court erred by not permitting him to cross-examine the petitioner. Because these assignments of error both address the adequacy of the notice and the hearing provided to Jackson, we address them together. We find them to be well taken.
R.C. 2903.214 allows for the issuance of protection orders for victims of menacing by stalking. These orders are an important part of the overall legislative scheme that is designed to allow the police and the courts to act before a victim is harmed by a stalker. See Legislative Note, The Anti-Stalking Law of Ohio: Will it Pass Constitutional Muster? (1994), 19 U.DaytonL.Rev. 749; Comment, Stalking Statutes: An Ineffective Legislative Remedy for Rectifying Perceived Problems with Today's Injunction System (1992), 19 Ohio N.U.L.Rev. 271; Note, Stalking the Stalker: Developing New Laws to Thwart Those who Terrorize Others (1992), 27 Ga.L.Rev. 285. The statute provides for the issuance of an exparte order upon a showing of immediate and present danger to the person to be protected by the order. See R.C. 2903.214(D)(1). It goes on to state:
 If the court, after an ex parte hearing, issues a protection order * * *, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division. * * *
R.C. 2903.214(D)(2).
Generally, the essential elements of due process are notice and an opportunity to respond. See Cleveland Bd. of Edn. v.Loudermill (1985), 470 U.S. 532, 546, 105 S.Ct. 1487, 1494; Statev. Edwards (1952), 157 Ohio St. 175, 105 N.E.2d 259, paragraph one of the syllabus. The notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. See Mullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657; In reForeclosure of Liens for Delinquent Taxes (1980), 62 Ohio St.2d 333,405 N.E.2d 1030, paragraph one of the syllabus. It must also afford a reasonable time for those interested to make their appearance. See Mullane, supra, at 314, 70 S.Ct. at 657.
We find no case law in Ohio interpreting R.C. 2903.214 and determining what constitutes adequate notice and a hearing for the issuance of a stalking protection order. We also find little case law from other states on this topic. See Annotation, Validity, Construction and Application of Stalking Statutes (1995), 29 A.L.R.5th 487.
R.C. 2903.214(G) does provide that "any proceeding under this section shall be conducted in accordance with the Rules of Civil Procedure[.]" Civ.R. 6(D) states that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court." Even though the court may fix a different time, "a party is entitled to sufficient notice and time to prepare for the hearing to avoid undue prejudice." In reForeclosure of Liens for Delinquent Taxes (1992), 79 Ohio App.3d 766,771, 607 N.E.2d 1160, 1162. Additionally, courts have held that notice provided on the same day as the hearing is insufficient to meet the requirements of due process. See Statev. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported (sexual-predator adjudication); Patterson v. Gooderham (Oct. 20, 1999), Gallia App. No. 99CA02, unreported (domestic-violence protection order).
The procedure for the issuance of a domestic-violence protection order pursuant to R.C. 3113.31 is substantially similar to the procedure under R.C. 2903.214 and provides some guidance. In Deacon v. Landers (1990), 68 Ohio App.3d 26, 587 N.E.2d 395, the appellant filed a petition for a domestic-violence protection order. At the full hearing on the appellant's petition, the respondent requested that the court also issue a protection order against the appellant. Without any presentation of evidence and over the objection of the appellant's counsel, the court issued a protection order against her.
In discussing the notice and hearing requirements for the issuance of a domestic-violence protection order, the court stated the following:
 [O]ther jurisdictions have determined that a "full hearing" embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of an opposing party and to meet them. * * * A "full hearing" is one in which ample opportunity is afforded to all parties to make, by evidence and argument, a showing fairly adequate to establish the propriety or impropriety of the step asked to be taken. * * *
 Without attempting to set definitive guidelines for the manner in which to conduct a "full hearing" under R.C. 3113.31, we hold that where the issuance of a protection order is contested, the court must, at the very least, allow for presentation of evidence, both direct and rebuttal, as well as arguments. * * * [Citations omitted.]
 Id. at 29-30, 587 N.E.2d at 398. The court went on to hold that because the appellant was denied an opportunity to cross-examine the respondent and to present rebuttal evidence, she was not given a "full hearing" under R.C. 3113.31 or an opportunity to be heard consistent with due process of law. Id. at 31, 587 N.E.2d at 399. See, also, Stanton v. Guerrero
(Aug. 31, 1994), Montgomery App. No. 14407, unreported.
Our review of this case law convinces us that Jackson did not receive adequate notice of the hearing or a meaningful opportunity to present his side of the story. He received notice of the impending hearing on the business day prior to the 9:15 a.m. hearing. This notice did not give Jackson sufficient time to contact his attorney, much less to know the claims of the opposing party and to meet them, particularly given that he was incarcerated at the time he received the notice. We realize that the legislature has sought to have courts act swiftly in cases involving stalking protection orders. Nevertheless, courts cannot act so quickly that the respondent is not given adequate notice of the proceedings so that he can prepare a defense. Further, since the court here had issued an ex parte order, the petitioner was protected until a full hearing could be held, and, therefore, she would not have been prejudiced by a short delay. See R.C.2903.214(D)(2)(b); Adrine Ruden, Ohio Domestic Violence Law (1999), Section T 11.1.
Additionally, we hold that Jackson did not receive a "full hearing" as contemplated by the statute. The court may grant a continuance of the full hearing "to a reasonable time determined by the court" if a continuance is needed to allow a party to obtain counsel or for other good cause. R.C. 2903.214(D)(2). In this case, the court did not inform Jackson that he could receive a continuance, and Jackson was unaware of this fact. Further, while the court did allow him to tell his side of the story, it did not give him the opportunity to cross-examine Lindsay or to present his own witnesses. While the court did not actively prevent him from doing so, neither did it inform Jackson that he had those rights, thus rendering them illusory. See Miller v.Leighty (1999), 158 Or. App. 218, 222, 973 P.2d 920, 921-922;Deacon, supra, at 30-31, 587 N.E.2d at 398-399; Parsons, supra.
We do not hold that the trial court must specifically inform the respondent in every case of his or her rights. However, in this case, where the respondent was not represented by counsel and had inadequate notice, the failure of the court to inform the respondent of his rights denied him the opportunity to fairly present his side of the case and to demonstrate "the impropriety of the step asked to be taken." Deacon, supra, at 30,587 N.E.2d at 398. Thus, the court denied him due process, and we, therefore, sustain his first and second assignments of error.
In his third assignment of error, Jackson contends that the protection order was based on insufficient evidence. He contends that the evidence did not show that he had engaged in conduct that violated the menacing-by-stalking statute. This assignment of error is not well taken.
The granting of a protection order requires a finding that the respondent engaged in a violation of R.C. 2903.211, menacing by stalking. R.C. 2903.214(C)(1). R.C. 2903.211 provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
R.C. 2903.214 is silent as to the burden of proof required to issue a stalking protection order. Similarly, R.C. 3113.31, which relates to domestic-violence protection orders, does not specify a burden of proof. In discussing the issue in relation to R.C.3113.31, the Ohio Supreme Court noted that appellate courts had been divided on the issue. Some courts had held that a clear-and-convincing standard was appropriate, because a protection order was akin to an injunction, which requires clear and convincing evidence for its issuance. See Felton v. Felton
(1997), 79 Ohio St.3d 34, 41, 679 N.E.2d 672, 677; Reynolds v.White (Sept. 23, 1999), Cuyahoga App. No. 74506, unreported. The supreme court rejected that argument, holding that if the legislature had wanted to require clear and convincing evidence, it would have specified that standard as it had in other statutes. See Felton, supra, at 42, 679 N.E.2d at 679. Consequently, the court held that a preponderance-of-the-evidence standard applied. See id. at paragraph two of the syllabus. We find the same logic to be applicable to a stalking protection order, and we, therefore, apply a preponderance-of-the-evidence standard in this case.
Jackson's main argument is that the evidence failed to show that he had knowingly caused the petitioner to suffer "mental distress." The stalking statute defines mental distress as "any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment." R.C. 2903.211(C)(2). We agree that the evidence did not show mental distress of that magnitude. While Lindsay and her daughter may well have suffered significant mental distress, a simple statement that they were distressed was insufficient to meet this standard. Cf. State v.Schwab (1997), 119 Ohio App.3d 463, 471-474, 695 N.E.2d 801,806-808.
However, the statute contains two independent prongs. It requires proof that the offender knowingly caused mental distress to another or that the offender knowingly caused another to believe that the offender would cause physical harm to another person. See State v. Smith (1998), 126 Ohio App.3d 193, 202,709 N.E.2d 1245, 1246; State v. Kent (Apr. 21, 2000), Hamilton App. Nos. C-990267 and C-990268, unreported. Lindsay did state that she and her daughter were afraid of Jackson. Based on the facts of this case, the trier of fact could reasonably have inferred that they were afraid he would cause physical harm to one or both of them. While the evidence was undeniably thin on that issue, we hold that it was sufficient to meet the preponderance-of-the-evidence standard, particularly given the remedial goal of the statute. SeeFelton, supra, at 40-41, 679 N.E.2d 676-677; State v. Benner (1994),96 Ohio App.3d 327, 330-331, 644 N.E.2d 1130, 1132-1133; Kent, supra. While we realize that these types of proceedings will, by their very nature, tend to be somewhat informal, we caution that a more thorough hearing than that which occurred in this case would be prudent. With that caveat, we overrule Jackson's third assignment of error.
In his fourth assignment of error, Jackson states that the trial court erred in issuing a restraining order without tailoring its scope to specifically proven facts. He argues that the protection order, which requires him to remain at least ten blocks away from Lindsay and her daughter, is arbitrary, vague and overbroad. Given our disposition of Jackson's first assignment of error, we find this assignment of error to be moot. See App. 12(A)(1)(c). We note, however, that ordering the respondent to stay ten blocks away from the petitioner may not give the respondent sufficient notice of the prohibited conduct, particularly given that the petitioner lives in an area without well-defined blocks. Generally, the contemplated remedy in these types of cases is an order that the respondent stay a certain number of yards away from the petitioner. In any event, the contemplated distance to be specified in the order should allow the respondent to reasonably know when he is violating the order. We are also concerned that the ten-block area around Lindsay's home includes a major interstate. The court should make some provision to allow Jackson to freely travel on the interstate, as long as he is not following Lindsay or her daughter. See, generally, Planned Parenthood Assn. of Cincinnati v. ProjectJericho (1990), 52 Ohio St.3d 56, 556 N.E.2d 157; Woolum v. Woolum
(1999), 131 Ohio App.3d 818, 723 N.E.2d 1135. See, also, State v.Maxwell (2000), 165 Or. App. 467, 998 P.2d 680.
Because of our disposition of the first assignment of error and our holding that Jackson was denied due process of law, we reverse the judgment of the trial court granting the stalking protection order. Consequently, we remand the case to the trial court for proceedings consistent with this decision.
Judgment reversed and cause remanded.
 DOAN, P.J., PAINTER and WINKLER, JJ.