Argued and submitted July 21, reversed and remanded August 11, 2004

## Tracy Lynn LOMAX,
*Respondent,*

*v.*

## Donald Allen CARR,
*Appellant.*

## CCV-02-11285; A121038

95 P3d 1163

Clint Lonergan argued the cause and filed the brief for appellant.

No appearance for respondent Tracy Lynn Lomax.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

This appeal from the issuance of a permanent stalking protective order (SPO) presents two issues. First, is a stalking complaint in the form specified by statute adequate to initiate a proceeding to obtain an SPO? Second, if so, is a complaint in that form adequate to dispense with a trial? We answer the first question yes and the second question no. We reverse and remand.

The pertinent facts are procedural. Plaintiff filed a complaint for an SPO in the form specified by ORS 163.744(2). Respondent, who was represented by counsel, filed pretrial motions testing the adequacy of the complaint pursuant to the Oregon Rules of Civil Procedure (ORCP) and the Oregon Criminal Code, arguing that one or the other set of procedural rules should apply. In particular, respondent filed a motion to make more definite and certain pursuant to ORCP 21 D, a motion for judgment on the pleadings pursuant to ORCP 21 B, a motion to dismiss for failure to "state a crime or a cause of action," and a demurrer pursuant to ORS 135.630. On the morning scheduled for trial, the trial court denied the motions, reasoning that the procedural provisions on which respondent relied do not apply to a proceeding to obtain an SPO. Due to a scheduling conflict, the trial was postponed to a later date.

The case then came to trial before a different judge. At the outset of the proceeding, the judge encouraged respondent to stipulate to entry of a permanent SPO. When respondent was unwilling to do that, the judge questioned why and suggested that plaintiff had a right "to not have to be bothered with someone that she does not want to talk to[.]" Respondent's counsel proposed an alternative option to resolve the dispute, but plaintiff resisted, stating that "this hearing was set to hear the merits of the case. I feel that I have a very clear case and according to Oregon stalking law, [respondent] qualifies. * * * [W]hen I present the merits of the case to you, I think you will feel as certain as I am that this is a warranted case * * *." The court then had the bailiff swear both respondent and plaintiff as witnesses.

Respondent's counsel asked to present an opening statement, which the judge permitted, saying, "Well, okay, make it brief." Before counsel could begin, the judge again commented that he did not understand why respondent objected to an order prohibiting contact with plaintiff and why plaintiff was not entitled to have respondent leave her alone as a matter of right. The judge then permitted counsel to give a "short opening statement," which the judge interrupted repeatedly. At one point of interruption, the judge declared that he was inclined to "go ahead and follow" the prior rulings regarding the adequacy of the complaint, stating that, if plaintiff's proof conformed with the complaint, he would issue a permanent SPO. Respondent's counsel replied that the complaint only initiated the proceeding, that additional facts had to be established for issuance of a permanent SPO, and that respondent was entitled to present evidence as well. When it appeared that the judge was unamenable to the presentation of evidence, respondent's counsel asked to make an offer of proof to preserve the record for appeal, which the judge permitted, saying, "And you will have your appeal." Counsel then described the evidence that respondent would present and offered documentary exhibits for the record, while noting respondent's objection to the procedure that was being followed. At that point the judge replied, "Okay. [The documents] all will be received. The [c]ourt will enter an order * * * keeping the stalking order in full force and effect." Respondent's counsel again noted his objection for the record, stating that respondent was being denied the right to a trial. Without further comment from the judge, the proceeding ended.

■ On appeal, we first consider respondent's challenge to the denial of his pretrial motions testing the adequacy of the complaint, arguing that the Oregon Rules of Civil Procedure apply to a proceeding to obtain an SPO.[1] A related issue arose in *K. H. v. Mitchell*, 174 Or App 262, 27 P3d 130 (2001).

---

[1] Respondent assigns error to the denial of his criminal motions separately from his assignment of error to the denial of his civil motions. He offers a combined argument in support of both, one in which he argues only that the proceeding was civil and the Oregon Rules of Civil Procedure apply. Because respondent does not present us with any argument or support for applying criminal procedures to the proceeding, he has abandoned that argument on appeal and we do not discuss it further.

There, relying on the Oregon Rules of Civil Procedure, the respondent urged that no proceeding was properly before the court because the stalking complaint had not been filed with the clerk of the court. *See* ORCP 3. We rejected that argument, reasoning as follows:

> "Respondent's * * * argument is based on the assumption that ORCP 3 applies to this proceeding. ORCP 1 A, however, provides that the rules of civil procedure do not apply 'where a different procedure is specified by statute or rule.' Here, ORS 163.735 and ORS 163.744 provide a different procedure for initiating actions to obtain stalking protective orders. ORS 163.744 provides that '[a] person may initiate an action seeking a citation under ORS 163.735 by presenting a complaint [the form of which is specified in ORS 163.744(2)] to a law enforcement officer.' ORS 163.744(1). ORS 163.735, in turn, provides that, if the officer has probable cause to believe that the respondent has engaged in prohibited conduct, the officer shall issue a citation to the respondent. The citation initiates a court proceeding to determine whether a stalking protective order should be issued. Petitioner followed that process here. No more was required."

*K. H.*, 174 Or App at 265-66 (footnote omitted; bracketed material in original). That reasoning is dispositive here. The form of the citation to initiate a stalking protective proceeding is specified by ORS 163.744(2). Therefore, consistently with ORCP 1 A, any provisions of the Oregon Rules of Civil Procedure requiring a complaint to contain more or different information or allegations do not apply. Respondent's motions therefore were properly denied.

■ Respondent's second assignment of error challenges the trial court's refusal to conduct a trial. As the procedural events described earlier reveal, both plaintiff and respondent were prepared to present evidence to the trial court. The trial court, however, ruled without permitting the parties to present their evidence. The trial court's reasons for doing so are difficult to divine, but the trial court apparently reasoned that, if the complaint was adequate to initiate a proceeding for a permanent SPO, it necessarily was an adequate basis on which a permanent SPO could issue without an evidentiary proceeding.

That reasoning was incorrect. Plaintiff initiated the proceeding by filling out a complaint in the statutorily specified form. The averments required in such a form, although adequate to initiate the proceeding, do not suffice even to allege all the elements required for issuance of a permanent SPO, let alone conclusively prove those elements. *Compare* ORS 163.744(2) (uniform citation must specify the conduct that is the basis for the complaint), *with* ORS 164.738(2)(B) (elements for issuance of a permanent SPO include a respondent's mental state, repeated and unwanted contact that alarms another, and alarm that is objectively reasonable), *and State v. Rangel*, 328 Or 294, 301-03, 977 P2d 379 (1999) (requiring additional elements of proof when an unwanted contact involves constitutionally protected expression). Moreover, the statutory scheme provides for an evidentiary hearing at which plaintiff and respondent have a right to appear. *See* ORS 163.738(2)(a)(B). In this case, plaintiff and respondent both appeared and were prepared to present evidence. The trial court permitted neither party to do so and instead entered a permanent SPO summarily, without a trial, over respondent's objection. Doing so was error. *See Miller v. Leighty*, 158 Or App 218, 222, 973 P2d 920 (1999) (even if the respondent violated temporary SPO, respondent was entitled to full trial to determine whether a permanent SPO should issue).

Reversed and remanded.